UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

IN RE: Request from the United Kingdom   )
      Pursuant to the Treaty Between the   )
      Government of the United States of   )
      America and the Government of   )   M.B.D. No. 11 mc 91078-JLT
      the United Kingdom on Mutual   )
      Assistance in Criminal Matters in   )
      the Matter of Dolours Price   )

**Government's Supplemental Opposition to Motion to Quash**

The United States of America, by and through Assistant United States Attorneys John T. McNeil and Todd F. Braunstein, respectfully submits this supplemental opposition to the motion to quash submitted by the Trustees of Boston College on behalf of the Boston College John J. Burns Library, Robert K. O'Neill, the Director of the John J. Burns Library, and Thomas E. Hachey, Professor of History and Executive Director of the Center for Irish Studies at Boston College ("Respondents"). [D.5]. This memorandum supplements the *Government's Opposition to Motion to Quash and Motion for an Order to Compel*. [D.7]. The Respondents assent to the filing of this supplemental memorandum.

At the time the government filed its original opposition, it was completing discussions with the Respondents regarding the overbreadth claims set forth in the Respondent's motion to quash. [D.5 at 15-16; D.7 at 5]. In its opposition, the government noted that it was not responding to the overbreadth arguments because it expected them to be mooted by the negotiations. [D.7 at 5]. The negotiations were completed in July 2011, and it was the government's good faith belief that all the overbreadth issues were resolved.[1]

---

[1]The government, working with its counterparts in the UK and the Respondents, agreed to substantially narrow the language of the subpoenas so as to prevent the Respondents from

The government has since learned that its understanding was mistaken and that the Respondents still urge the Court to "establish a process by which the subpoenas can be narrowed to preserve to the maximum extent feasible the confidentiality of the materials sought by the subpoenas." [D.10 at 9].[2] The Respondents do not specify either the process that the Court should employ to narrow the subpoenas nor do the Respondents provide any legal support for requesting the Court to engage in such a process in the context of an MLAT request.

The Court should reject this renewed request to narrow the subpoenas. The US-UK MLAT[3] does not authorize the Court to partially quash an authorized subpoena on a claim of overbreadth. The Respondents fail to cite a single case in which a court has so narrowed the scope of an MLAT subpoena. As set forth in the government's original opposition, the Court's discretion to modify or quash an MLAT subpoena is narrowly constrained by the terms of the US-UK MLAT and related case law. [D.7 at 8-9, 11-13]. The cases and rules upon which the Respondents rely – those related to subpoenas in domestic civil and criminal cases – are inapplicable in this context. *Id.*

---

expending considerable resources to search electronic databases and other documents for material which was only marginally relevant to the investigation. However, the government and the authorities in the UK continued to press for the entire Price recording and the transcripts related to those recordings, as well as a limited set of other documents.

[2]Government counsel also spoke with the Respondent's counsel in early August 2011 to confirm that there was no meeting of the minds on this issue. The Respondents again confirmed that they continue to press this overbreadth issue in a second motion to quash directed at a new set of subpoenas issued by the government in August 2011. [D.12 at 7-8]. The government addresses that new motion to quash in a separate filing.

[3]*See* Treaty Between the Government of the United States of America and the Government of the United Kingdom of Great Britain and Northern Ireland, signed December 16, 2004, implementing the Mutual Legal Assistance Agreement with the European Union, signed June 25, 2003, S. Treaty Doc. No. 109-13.

The US-UK MLAT does not permit the Court to engage in the process of evaluating whether a request from a foreign sovereign, which has been reviewed and approved by the Central Authorities in both the UK and the United States, is "appropriately tailored to the purposes of whatever investigation is being pursued." [D.5 at 15].  It does not permit such an inquiry for good reason: courts in this country are ill-equipped to second-guess the needs of foreign investigators and prosecutors who are engaged in investigating crimes under foreign law.  Such second-guessing would require the Court to immerse itself in that foreign investigation, pre-judging what leads would be helpful and what leads would not, and otherwise parsing what information could be of use to UK investigators and prosecutors.  Moreover, for a court to engage in such second-guessing it would need to delve into UK law, including the specific criminal violations being investigated and also the niceties of evidentiary rules in UK courts.  Among other things, the court may need to determine how and whether certain pieces of evidence could be admissible, and in what form they would be admissible.[4]  In addition, such a process would threaten the confidentiality and security of the foreign investigation, delay the production of subpoenaed material while the parties briefed issues related to foreign law, and substantially inhibit the conduct of a criminal investigation.

While the standard for evaluating the scope of a grand jury subpoena is not applicable to subpoenas issued under an MLAT, the Supreme Court's decision regarding a motion to quash a grand jury subpoena in *United States v. R. Enterprises, Inc.*, 498 U.S. 292, 300 (1991) provides a

---

[4]For instance, the rules in the UK regarding the relevance and admissibility of character evidence and other crimes, wrongs, or acts evidence, is substantially different than the standards under Fed.R.Evid. 404(b).  *See, e.g.*  The Criminal Justice (Evidence), Order 2004, 2004 No. 1501 (N.I. 10) (found at http://www.legislation.gov.uk/nisi/2004/1501/contents/made).

helpful analogy. The Supreme Court made it clear that district courts should be particularly cautious not to inhibit the investigation of criminal conduct, and should "afford[] grand juries wide latitude, avoiding minitrials on peripheral matters, and preserving a necessary level of secrecy." *Id*.

> "Consequently, a grand jury subpoena issued through normal channels is presumed to be reasonable, and the burden of showing unreasonableness must be on the recipient who seeks to avoid compliance. . . [W]e conclude that where, as here, a subpoena is challenged on relevancy grounds, the motion to quash must be denied unless the district court determines that there is no reasonable possibility that the category of materials the Government seeks will produce information relevant to the general subject of the grand jury's investigation."

*Id*. at 301.[5] *See also*, *Stern v. U.S. Dist. Court for Dist. of Mass.*, 214 F.3d 4, 16 -17 (1st Cir. 2000)("government could not be required to demonstrate that the materials sought by a grand jury subpoena were relevant"); *In re Grand Jury Proceedings (Hill),* 786 F.2d 3, 5 n. 2 (1st Cir.1986) (per curiam) (declining to require a showing of "need" or "relevance" before a court may enforce a grand jury subpoena). Thus, even were this Court to evaluate the MLAT subpoenas under Fed.R.Crim. 17(c) and *R. Enterprises*, the Court should reject the Respondent's overbreadth argument. The materials submitted under seal and *ex parte* to the Court, including the government's original application [D.1], amply demonstrate that the Respondents cannot demonstrate that, "there is no reasonable possibility that the category of materials the Government seeks will produce information relevant to the general subject" of the investigation. *R. Enterprises*, 498 U.S. at 301.

---

[5]The Respondent's overbreadth claim is fundamentally a claim that the subpoenas request irrelevant evidence, and thus seek the Court to determine what is relevant to the UK investigation and what is not.

In sum, the US-UK MLAT does not authorize a United States court to stand in the shoes of the foreign investigator to divine what will or what will not be valuable evidence to a kidnapping or murder investigation.  Nor does the US-UK MLAT authorize a United States court to take on the role of a jurist in the UK, interpreting that country's law in order to decide what may be relevant to a future prosecution.  Moreover, even if evaluated under the standard applicable to domestic grand jury subpoenas, the Court should reject the Respondent's overbreadth claim, as the Respondents have failed to demonstrate that there is no reasonable possibility that the information sought is relevant to the UK investigation.

Respectfully submitted,

CARMEN M. ORTIZ
UNITED STATES ATTORNEY

Date: August 25, 2011     By:     /s/ John T. McNeil

John T. McNeil
Todd F. Braunstein
Assistant United States Attorneys

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ John T. McNeil

John T. McNeil
Assistant United States Attorney