# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

------------------------------------------------------------------------------x

IN RE: Request from the United Kingdom Pursuant to the Treaty Between the Government of the United States of America and the Government of the United Kingdom on Mutual Assistance in Criminal Matters in the Matter of Dolours Price.

------------------------------------------------------------------------------x

M.B.D. No.:
11-MC-91078 (JLT)

ECF

**MOTION FOR LEAVE TO REPLY**

L.RR. 112.1; 7.1(b)(3)

## MOTION OF INTERVENORS TO FILE REPLY MEMORANDUM TO GOVERNMENT'S OPPOSITION TO MOTION FOR LEAVE TO INTERVENE

Ed Moloney and Anthony MacIntyre (collectively, the "Intervenors"), by and through undersigned counsel, Eamonn Dornan of Dornan & Associates PLLC, 10-40 Jackson Avenue, Long Island City, New York 11101, appearing *pro hac vice*, and James J. Cotter, III MA BBO 101620, Attorney at Law, Post Office Box 270, N. Quincy, MA 02171, pursuant to L.R. 112.1 and L.R. 7.1(b)(3), hereby move the Honorable Court for leave to file a Reply Memorandum in response to the Government's Opposition to Motion for Leave to Intervene, and in support of this motion state as follows:

1. The Intervenors respectfully request leave to file a Reply Memorandum in light of the substantial issues at stake in this matter, in addition to the fact that their Motion for Leave to Intervene raises matters of first

1

impression, and involves rules of statutory construction and international treaty law.

2.   The Intervenors filed a Motion for Leave to Intervene on August 31, 2011, along with their proposed Complaint for Declaratory Judgment, Writ of Mandamus and Injunctive Relief ("Complaint").

3.   In moving to file the Complaint, the Intervenors seek, *inter alia*, the Honorable Court's determination and declaration regarding the failure of the Government's nondiscretionary duties under the US-UK Mutual Legal Assistance Treaty ("US-UK MLAT") upon which the Government relies in its subpoenas issued on behalf of the United Kingdom.

4.   The Government filed its Opposition to Motion for Leave to Intervene on September 21, 2011.  In essence, the Government posits that the Intervenors are barred from asserting any private right of action pursuant to Article 1, § 3 of the US-UK MLAT, which states that the Treaty "is intended solely for mutual legal assistance between the Parties. . . [and] shall not give rise to a right on the part of any private person to obtain, suppress, or exclude any evidence, or to impede the execution of a request."

5.   The Government further seeks to dismiss the Intervenors' claims for relief under the Administrative Procedure Act, the Declaratory Judgment Act, and the mandamus statute fail under the same analysis, namely, that "no law that supports a claim for relief against the Attorney General."

6. However, neither the Intervenors nor indeed the Government rely solely on the terms of the US-UK MLAT. The subpoenas could not be issued to Boston College without the Government's petition under 18 U.S.C. §3512, which in turn raises the question of the Government's compliance with F.R. Crim.P. 17(c)(2).

7. Moreover, the Intervenors have raised claims pursuant to 28 U.S.C. §1361, and 28 U.S.C. §1331, praying for a writ in the nature of mandamus to compel the Attorney General, and those acting under him, to perform the nondiscretionary duties he owes to the United States, to the Intervenors and to Boston College under the US-UK MLAT, in conjunction with both 18 U.S.C. §3512 and F.R. Crim.P. 17(c)(2).

8. The Intervenors also seek judicial review in the form of a declaratory judgment that the subpoenas issued by the Commissioner under 18 U.S.C. §3512, on behalf of the Attorney General, are arbitrary, capricious or an abuse of discretion or otherwise not in accordance with law and contrary to F. R. Crim. P. 17(c)(2).

9. In their Motion for Leave to Intervene, the Intervenors seek to raise substantial questions with regard to their constitutional rights under the First and Fifth Amendments; the rights or obligations of both the U.S. and the U.K. under another bilateral agreement relating to the subject matter of the subpoenas; whether the request for assistance (a) would impair the essential interests of the United States (b) would be contrary to important public policy

considerations of the United States; and, (c) is directed to an offense of a political character; whether the Government's actions were arbitrary, capricious or an abuse of discretion, or otherwise not in accordance with law; and whether the request for assistance is unreasonable or oppressive contrary to F.R. Crim. P. 17(c)(2).

10.     In their Motion for Leave to Intervene, the Intervenors raise matters of first impression with the Honorable Court.  The statute at 18 U.S.C. §3512 (the Foreign Evidence Request Efficiency Act of 2009) is very recent, having come into effect on October 19, 2009, and there is as yet no case law on the application of the statute, or its relationship to the Federal Rules of Criminal Procedure, and in particular to F. R. Crim. P. 17(c)(2).   A reply memorandum would, it is submitted, be of assistance to the Court in determining the issues.

11.     The Motion for Leave to Intervene further raises rules of statutory construction and interpretation of international treaty law regarding the Intervenors' claims to a private right of action.

12.     As the subpoenas seek information regarding purported crimes committed almost 40 years ago, there will be no prejudicial delay to the Government in granting the Intervenors' request.

13.     Accordingly, upon good cause shown, it is respectfully requested that the Intervenors be permitted to file a Reply Memorandum.

14.     Counsel for the Government, Mr. John T. McNeil, has been contacted to ascertain if the government has any opposition to this motion, and Mr. McNeil confirms that the Government opposes the instant motion.

15.     This motion is not being filed for the purposes of causing delay, but rather to allow the Intervenor fully to enunciate their legal remedies.

WHEREFORE, the Intervenors respectfully request that the Court grant them leave to file a Reply Memorandum to Government's Opposition to Motion for Leave to Intervene.

Dated: September 28, 2011
     Long Island City, New York

Respectfully submitted,

DORNAN & ASSOCIATES PLLC

By: /s/Eamonn Dornan
_____
EAMONN DORNAN, ESQ
*Appearing Pro Hac Vice*
1040 Jackson Avenue, Suite 3B
Long Island City, New York 10017
Tel: (718) 707-9997
Fax: (718) 228-5940

LAW OFFICES OF JAMES J. COTTER, III MA BBO 101620

By: /s/James J. Cotter, III
_____
JAMES J. COTTER, III
(MA BBO 101620)
Post Office Box 270
N. Quincy, MA 02171

Tel. 617 899-0549
Fax 617 984-5858

*Attorneys for Intervenors*
Ed Moloney and Anthony McIntyre

Certificate of Service

I, James J. Cotter III, hereby certify that this document filed through the CM/ECF system was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on August 30, 2011.

<u>/s/ James J. Cotter III</u>