UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

IN RE: Request from the United Kingdom )
      Pursuant to the Treaty Between the )
      Government of the United States of )
      America and the Government of )   M.B.D. No. 11 mc 91078-WGY
      the United Kingdom on Mutual )
      Assistance in Criminal Matters in )
      the Matter of Dolours Price )

**Government's Motion for Partial Reconsideration**
**of Findings and Order Dated January 20, 2012**

The United States of America, by and through Assistant United States Attorney John T. McNeil, respectfully submits this motion for partial reconsideration of the Court's Findings and Order dated January 20, 2012 [D.47]. As outlined below, and in a separate *ex parte* filing, the government respectfully requests: first, that the Court either review the "very few" untranscribed recordings or establish a procedure for the Respondents to review those recordings for materials responsive to the subpoenas issued in this matter; second, that the Court include in the materials to be disclosed the complete transcripts of interviewees "AA", "BB", and "CC", as those individuals are identified in the related *ex parte* filing, if those interviews are not already included in those five complete interviews to be disclosed under the Court's Findings and Order; and third, that the Court modify the "final order" such that it reflects the Respondents' ongoing efforts to review the non-IRA interviews for material responsive to the subpoenas.

The government makes this motion for partial reconsideration without waiving its objection to the process which the Court has undertaken to review the subpoenaed material in

this matter.[1]  As argued in prior filings, the Court's review in the context of the US-UK MLAT is limited to reviewing the subpoenas to determine whether they violate the Constitution or some well-established privilege. [D.7, D.13, D.14].  Once the Court has concluded that there is neither a constitutional impediment nor a violation of a privilege, all material responsive to the subpoenas must be provided by the Respondents to the Commissioner. *Id*.

In the Court's Findings and Order dated January 20, 2012, the Court concluded that, "in view of the paucity of information unearthed after extensive review by this Court, it declines to review the 'very few' audiotapes not yet transcribed."[D.47 at 3].  While the government recognizes that the Court has made substantial efforts in reviewing the interviews of former IRA members for responsive material, that review remains incomplete.  Neither the Court nor the Respondents have reviewed these untranscribed tapes and, as set forth in the government's *ex parte* submission, there is reason to believe they may contain responsive information.  As with any subpoena, the Respondents bore the burden of reviewing all material in their possession for responsive material and then either producing that material or seeking relief from the Court.  The Respondents in this case failed to undertake the first step of reviewing all potentially responsive material.  While the Court's orders largely obviated the need for the Respondents to make such a review (because the Court undertook that task itself), that task remains incomplete with respect to the untranscribed tapes.  In other words, no one will have reviewed these untranscribed tapes

---

[1]By maintaining this objection, the government does not mean to discount the substantial effort the Court has given to this matter and the expeditious fashion in which this Court has reviewed the voluminous material in this case.  Moreover, the government recognizes the Court's sensitivity to the U.K.'s desire that "the subpoena [] be read expansively" and its "natural reticence to substitute its own investigatory judgment for that of knowledgeable law enforcement officials." [D.47 at 2-3].

for responsive material.[2]

The government proposes three alternatives for completing the process of reviewing these tapes. First, the Court could follow the process it has already established for reviewing these materials, and listen to the tapes itself. Alternatively, the Respondents could listen to the tapes and report to the Court whether there is any potentially responsive material. If the Respondents conclude that there is potentially responsive material, it would provide the recordings and information about the specific locations on the tape(s) for the Court to review. As a final alternative, the tapes could be submitted to a secure transcription service for transcription, and the Court could review those completed transcripts as it has with the others.

For the reasons set forth in its *ex parte* submission under seal, the government also requests that the Court include in its Finding and Order those materials related to interviewees AA, BB, and CC (as they are identified in the *ex parte* filing), if they are not already included in the five complete interviews to be disclosed. Interviews of these individuals are responsive to the subpoenas in this case and are likely to have substantial investigatory value even if the interviewees do not make specific mention of the McConville kidnapping and death.

Finally, the government respectfully requests that the Court modify its statement that this is its "final order" in this matter. [D.47]. As noted above, the Respondents have yet to inform the Court of the status of their review of the non-IRA interviews. In order to ensure that a complete review has been made of all information in the Respondents' possession which is responsive to the subpoenas, the Respondents should either report back to the Court that there is no responsive

---

[2]Likewise, in order to comply with the subpoenas the Respondents must undertake a review of the non-IRA interviews in order to certify that they have no responsive material in their possession.

material or produce for the Court's review any potentially responsive material.

                                                          Respectfully submitted,

                                                         CARMEN M. ORTIZ
                                                         UNITED STATES ATTORNEY

Date: January 21, 2012         By:    /s/ John T. McNeil
                                                     John T. McNeil
                                                     Assistant United States Attorney

                                          CERTIFICATE OF SERVICE

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                            /s/ John T. McNeil
                                            John T. McNeil
                                            Assistant United States Attorney