UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: Request from the United Kingdom Pursuant to the Treaty Between the Government of the United States of America and the Government of the United Kingdom on Mutual Assistance in Criminal Matters in the Matter of Dolours Price | M.B.D. No. 11-MC-91078 |

**RESPONSE OF TRUSTEES OF BOSTON COLLEGE
TO GOVERNMENT'S MOTION FOR PARTIAL RECONSIDERATION**

Trustees of Boston College and two of its representatives, Robert K. O'Neill, the Librarian of the John J. Burns Library at Boston College, and Boston College University Professor Thomas E. Hachey (collectively "Boston College") submit this Response to the Government's Motion for Partial Reconsideration (D. 48) of this Court's Findings and Order dated January 20, 2012 (D. 47) ("Order").

The Government's Motion first asks the Court to review or require Boston College to review what it refers to as "the 'very few' untranscribed recordings" that the Court in its Order (at 3) said it declined to review "in view of the paucity of information unearthed after extensive review by this Court."[*]

In fact, there are no untranscribed recordings of the interviews with interviewees formerly associated with the IRA. The transmittal letter from undersigned counsel on behalf of

---

[*] The Government's Motion asserts (at 2) that Boston College "failed" its obligation to review the interview materials for information responsive to the subpoenas. There is no basis for that charge. In its Motions to Quash both the first and second subpoenas, Boston College asked either that it be informed of the contents of the sealed materials submitted to the Court so Boston College could review the interviews with knowledge of the purposes of the investigation, or that the Court itself review the interviews with heightened scrutiny because they were confidential academic research materials. The Court accepted the need for heightened scrutiny and decided to conduct the review itself *in camera*. Boston College in no way failed to carry out its obligations in response to the subpoenas.

Boston College to Matthew Paine, Docket Clerk, dated December 27, 2011, noted that there appeared to be no transcript of the audio recordings of one interview of each of two interviewees. That letter also noted that there were three transcripts labeled as interview "1" of one interviewee, which suggested that two of the transcripts might simply have been mislabeled. Because Boston College was closed for Christmas week, the letter said that Boston College would review the matter once the university reopened.  By letter dated January 11, 2012, undersigned counsel reported on behalf of Boston College that two of the three transcripts labeled "1" were mislabeled and in fact were the transcripts for the other two audio recordings. As a result, there were transcripts of all of the audio recordings of the interviews, and no "untranscribed recordings."

The second request in the Government's Motion for Partial Reconsideration is that the Court order the delivery, in their entirety, of interview materials from three individuals identified in a sealed *ex parte* submission made with the Government's Motion if those individuals' interviews are not among the materials that the Court's Order requires be released to the Government.  The Government's Motion asserts (at 3), without explanation, that interviews with these three individuals "*are* responsive to the subpoenas in this case and *are* likely to have substantial investigatory value . . . [italics added]."  Without access to either the sealed information originally submitted *ex parte* by the Government to support the issuance of the subpoenas, or the names of the three individuals identified in the sealed information submitted *ex parte* by the Government with its Motion for Partial Reconsideration, Boston College obviously has limited ability to respond to this aspect of the Government's Motion for Partial Reconsideration.  But the purpose of the Court's *in camera* review was for the Court to determine what information ought to be produced in response to the subpoenas, through its

balancing of the competing interests in the case and under the heightened scrutiny standard that Boston College advocated and the Court accepted. The Government's *ipse dixit* statement that three interviewees' materials are relevant would usurp the review that the Court said it would make.

Finally, the Government's Motion for Partial Reconsideration asks that the Court modify the statement that its Order is a "final order," in light of the fact that Boston College is reviewing, at the Government's request, the "non-IRA" interview materials to determine if any are responsive to the second subpoenas. Boston College has completed that review and has found no relevant materials, as explained in its Report filed under seal.

By its attorneys,

/s/ Jeffrey Swope
Jeffrey Swope (BBO #490760)
EDWARDS WILDMAN PALMER LLP
111 Huntington Avenue
Boston, Massachusetts 02199-7613
(617) 239-0100
jswope@edwardswildman.com

Dated: January 26, 2012

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on January 26, 2012.

/s/ Jeffrey Swope