```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MASSACHUSETTS

                                          M.B.D. No.
                                          11-mc-91078-WGY


* * * * * * * * * * * * * * * * * * * * * * *
IN RE: Request from the United Kingdom                *
Pursuant to the Treaty Between the Government of      *
the United States of America and the Government       *
of the United Kingdom on Mutual Assistance in         *
Criminal Matters in the Matter of Dolours Price.      *
* * * * * * * * * * * * * * * * * * * * * * *
```

**CONFERENCE**

     BEFORE:  The Honorable William G. Young,
                 District Judge

APPEARANCES:

    JOHN T. McNEIL, Assistant United States
Attorney, 1 Courthouse Way, Suite 9200, Boston,
Massachusetts 02210, on behalf of the United
States of America

    EDWARDS WILDMAN PALMER LLP (By Jeffrey
Swope, Esq.), 111 Huntington Avenue, Boston,
Massachusetts 02199
    - and -
    NORA E. FIELD, Associate Counsel, Office of
the General Counsel, Boston College, Donaldson
House, 90 College Road, Chestnut Hill,
Massachusetts 02467-3847, on behalf of the
Trustees of Boston College

                                1 Courthouse Way
                                Boston, Massachusetts

                                February 1, 2012

1          **THE CLERK:** All rise. United States District Court
2    is now in session. You may be seated.
3          Now hearing Miscellaneous Business Docket 11-91078,
4    In re Dolours Price.
5          **THE COURT:** Would counsel state their names for the
6    record, please.
7          **MR. McNEIL:** Good afternoon, your Honor. John
8    McNeil for the United States.
9          **MR. SWOPE:** Good afternoon, your Honor. Jeffrey
10   Swope and Nora Field for Boston College.
11         **THE COURT:** Good afternoon.
12         Let me cut right to the chase. I owe you an
13   apology. I got the government's submission and reflected on
14   it and thought that the best way to react to it was to call
15   you in here and talk to you directly. Then I got the
16   response from Boston College, and in light of that
17   determined that no action was necessary and that formally I
18   would and should deny the motion not on the merits but on
19   the ground of mootness. Now, I missed it because I've been
20   in and out of the office and for that I apologize.
21         I thought it might be well to state three things
22   very briefly and I'll let you go.
23         First, I have now personally, because in camera
24   review in this session means review by the judge and no one
25   else, that's the whole idea of in camera review, so now I

1    have personally reviewed well over a thousand pages of
2    transcript.  And I say again, as I said before, the fact
3    that this is a wholly legitimate academic exercise, an
4    important repository of significant historical records,
5    ought be clear and needs to be said.
6         Second, throughout Boston College has acted with
7    scrupulous fidelity to the Court's orders and less than
8    orders to the Court's requests.
9         Third, just a word of explanation because it may
10   help procedurally.  In the request by the Commissioner
11   reference was made to the Court referring to its
12   January 20th order as a final order.  And let me explicate
13   that very briefly.
14        What I meant by that was -- and I didn't call it a
15   judgment because this is a miscellaneous business docket
16   matter, and also judgment might fall into more formulaic
17   ways of tweaking it.  And I fully recognize that maybe,
18   though I've denied this request, I might have to tweak it.
19   But by final order I meant this.  The written opinion that
20   the Court has issued has set forth in sufficient detail the
21   legal issues and how the Court has addressed those legal
22   issues.  Then my statements from the bench and my two
23   written orders have explained both how the Court was going
24   to undertake its factual investigation and has given the
25   parties the results of that investigation.  And by final

1   order I meant, in short, I'm through.  And I don't
2   anticipate any further orders.  There would have to be a
3   different request addressed to a different topic.  But I
4   should say no more.  That's what I've done.  I do thank you
5   for coming in.
6           **MR. SWOPE:**  May I raise two questions, your Honor?
7           **THE COURT:**  You may now that I've got you here,
8   that's only fair, though I'm candidly trying to bring my
9   involvement to an end.  Now, naturally, I'll follow anything
10  the Court of Appeals tells me, that goes without saying.
11  But I don't think there's more for this Court to do.
12          Yes, Mr. Swope?
13          **MR. SWOPE:**  Thank you.  First, thank you for your
14  comments.  We appreciate that.
15          There is an issue relating to the specific
16  interviews that you've ordered released that I would like to
17  address.  But because I have to then refer to particular
18  interviews I'm --
19          **THE COURT:**  We can go to the side bar.  We can do
20  it at the side bar.
21          (Whereupon pages 5 through 12 are sealed by order
22  of the Court and bound under separate cover.)
23
24
25

1        **MR. McNEIL:** My first question, your Honor, is
2   really a ministerial one.  When I received the Price
3   materials from, from Ms. Smith, she provided to me
4   everything on that letter I signed with the exception of the
5   two affidavits that Boston College has submitted.  So -- but
6   I signed a receipt for both of those affidavits.  I haven't
7   gotten them.  So either I need to submit a new receipt, or
8   if those affidavits are coming to the government then I
9   happily take them.
10       **THE COURT:** As a mechanical matter, I think I
11  turned over everything.  You can make an informal request to
12  the clerk, and I will look.  I know you have all the
13  arguably --
14       **MR. McNEIL:** Right.
15       **THE COURT:** -- evidentiary material.  I don't think
16  I can say anything more.
17       **MR. McNEIL:** Okay, there's just -- if it's okay,
18  I'll just ask the clerk.  It's the O'Neill affidavit and I
19  believe it's an affidavit from Mr. Swope, that when I
20  actually signed for them, although I didn't actually receive
21  them from Ms. Smith.
22       **THE COURT:** We'll look for them and we'll turn them
23  over.
24       **MR. McNEIL:** Fine.
25            The other, the other thing you said at the outset,

```
 1    your Honor, is that the government's motion for partial
 2    reconsideration was rendered moot.  And two-thirds of that
 3    is completely accurate in that Boston College has finished
 4    their review of the non-IRA material and Boston College also
 5    has indicated that this, what appeared to be an
 6    untranscribed tape was in fact transcribed.  So that's moot.
 7              There was a third request about three interviews,
 8    AA, BB and CC.
 9              THE COURT:  Right.
10              MR. McNEIL:  And I don't -- I'm not quite sure I
11    understand.  Is that rendered moot and that --
12              THE COURT:  Oh, let me, let me respond to that at
13    the side bar.
14              (Whereupon pages 15 through 17 are sealed by order
15    of the Court and bound under separate cover.)
16
17
18
19
20
21
22
23
24
25
```

1       **THE COURT:** All right, we'll call the next case.

2       **MR. SWOPE:** Thank you, your Honor.

3       (Whereupon the matter concluded.)

6                          **C E R T I F I C A T E**

9       I, Donald E. Womack, Official Court Reporter for
10   the United States District Court for the District of
11   Massachusetts, do hereby certify that the foregoing pages
12   are a true and accurate transcription of my shorthand notes
13   taken in the aforementioned matter to the best of my skill
14   and ability.

19           /S/ DONALD E. WOMACK 2-3-2012
             _____
                     DONALD E. WOMACK
20                  Official Court Reporter
                      P.O. Box 51062
21              Boston, Massachusetts 02205-1062
                    womack@megatran.com