UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:  Request from the United Kingdom Pursuant to the Treaty Between the Government of the United States of America and the Government of the United Kingdom on Mutual Assistance in Criminal Matters in the Matter of Dolours Price<br><br>UNITED STATES OF AMERICA,<br>                    Petitioner,<br>v.<br><br>TRUSTEES OF BOSTON COLLEGE, *et al.*,<br>                    Movants,<br><br>ED MOLONEY and ANTHONY McINTYRE,<br>                    Applicants for Intervention | M.B.D. No. 11-MC-91078 |

**MOTION OF BOSTON COLLEGE TO EXTEND STAY PENDING APPEAL**

Pursuant to Fed. R. Civ. P. 62(c), Trustees of Boston College and two of its representa-tives, Robert K. O'Neill, the Librarian of the John J. Burns Library at Boston College, and Boston College University Professor Thomas E. Hachey (collectively, "Boston College") move to extend this Court's *sua sponte* stay of its January 20, 2012, Order (D. 47), until the conclusion of Boston College's appeal (D. 57) from that Order to the First Circuit Court of Appeals.  The January 20, 2012, Order would, but for that stay, have released to the Government materials for seven Belfast Project interviewees.

This Court's *sua sponte* stay is now set to expire three days after the First Circuit lifts its December 30, 2011, stay of this Court's December 27, 2011, Order (D. 38) that released to the Government the interview materials of Dolours Price, another Belfast Project interviewee.  The First Circuit issued its stay of that Order in response to a motion filed by unsuccessful inter-

venors in this action, who on December 29, 2011, filed an appeal (D. 39) from that Order and from this Court's earlier denial of their motion to intervene (D. 32).

In support of this motion, Boston College states as follows:

1.      The Government served on Boston College its first set of subpoenas, dated May 2, 2011, requiring production of documents concerning confidential interviews of Brendan Hughes and Dolours Price that had been conducted as part of Boston College's Belfast Project.

2.      On May 26, 2011, Boston College produced to the Government, in compliance with the first set of subpoenas, the interview materials of Brendan Hughes, which were no longer subject to a confidentiality agreement with Boston College because he had died.

3.      On June 7, 2011, Boston College filed a Motion to Quash the first set of subpoenas as to the interview materials of Dolours Price (D. 5), because such materials remained subject to a confidentiality agreement with Boston College.

4.      The Government served a second set of subpoenas, dated August 3, 2011, on Boston College requesting documents "containing information about the abduction and death of Mrs. Jean McConville."

5.      Boston College filed a Motion to Quash New Subpoenas (D. 12) on August 17, 2011, directed to the Government's August 3, 2011, subpoenas.

6.      On August 31, 2011, Ed Moloney and Anthony McIntyre moved for leave to intervene in this action (D. 18).

7.      On December 16, 2011, this Court entered an Order requiring Boston College to produce all materials responsive to the Government's first and second sets of subpoenas to this Court for *in camera* review, and denying the intervenors' motion to intervene in this action (D. 32).

8.      On December 27, 2011, this Court entered an Order releasing to the Government the Dolours Price interview materials that were the subject of the first set of subpoenas dated May 2, 2011 (D. 38).

9.      On December 29, 2011, the unsuccessful intervenors filed a notice of appeal (D. 39) from the District Court's December 16, 2011, and December 27, 2011, Orders and moved to stay the production of the Dolours Price interview materials (D. 40).

10.     On December 30, 2011, after this Court denied the unsuccessful intervenors' motion to stay (D. 41), they sought and were granted by the First Circuit Court of Appeals a stay of the production of the Dolours Price interview materials pending their appeal (D. 44).

11.     This Court on January 20, 2012, entered an Order requiring interview transcripts for seven Belfast Project interviewees to be turned over to the Government in response to the second set of subpoenas dated August 3, 2011 (D. 47).  On its own motion, this Court stayed that Order until three days after the First Circuit lifts the stay it entered on December 30, 2011.

12.     On February 12, 2012, Boston College filed its Notice of Appeal from this Court's Order of January 20, 2012 (D. 57), regarding the interview materials of the seven interviewees.

13.     Boston College now moves this Court to extend its *sua sponte* stay of its January 20, 2012, Order during the pendeExncy of Boston College's appeal to the First Circuit Court of Appeals from that Order.

14.     By entering a stay of its Order *sua sponte*, this Court has recognized the need to preserve the confidentiality of the materials of the seven Belfast Project interviewees while the First Circuit considers whether and to what extent any of the Belfast Project materials must be released in response to the Government's subpoenas.

15.     At the time that this Court issued its *sua sponte* stay, the only appeal pending was that of the unsuccessful intervenors, so this Court naturally provided that its *sua sponte* stay would expire when the First Circuit's stay was lifted.

16.     Now that Boston College has filed its own, separate appeal from this Court's January 20, 2012, Order, this Court's *sua sponte* stay should be extended during the pendency of Boston College's appeal.

17.     In *In re: General Motors Corp.*, 153 F.3d 714, 717 (9th Cir. 1998), the Ninth Circuit instructed, in the context of confidential materials submitted to the court *ex parte* for an *in camera* review, that the District Court there "should keep the privileged communications under seal to prevent their further disclosure until all avenues of appeal have been exhausted."

18.     The First Circuit recognized the same principle in this case when it issued a stay of this Court's December 27, 2011, Order for the release of the materials relating to Dolours Price, and explained that the stay was issued "[i]n order to preserve the status quo and allow this court sufficient time to assess the issues" (D. 44).

19.     Unless there is a stay of this Court's January 20, 2012, Order, the materials relating to the seven Belfast Project interviewees that are the subject of that Order will be disclosed to the Government, thereby making moot the appeal by Boston College from that Order.

## Conclusion.

For the reasons stated in this motion, Boston College moves that this Court extend the stay it entered *sua sponte* of its January 20, 2012, Order, until the conclusion of Boston College's pending appeal from that Order to the First Circuit Court of Appeals.

By its attorney,

/s/  Jeffrey Swope

Jeffrey Swope (BBO# 490760)
EDWARDS WILDMAN PALMER LLP
111 Huntington Avenue
Boston, Massachusetts 02199-7613
(617) 239-0100
jswope@edwardswildman.com

Dated: March 19, 2012

CERTIFICATE OF CONFERENCE

I certify pursuant to Local Rule 7.1(A)(2) that prior to filing this motion I conferred with counsel for the United States about this motion and attempted in good faith to resolve or narrow the issues.

/s/ Jeffrey Swope

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on March 19, 2012

/s/ Jeffrey Swope