UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

`IN RE:  Request from the United Kingdom Pursuant to the Treaty Between the Government of the United States of America and the Government of the United Kingdom on Mutual Assistance in Criminal Matters in the Matter of Dolours Price

UNITED STATES OF AMERICA,
              Petitioner,
v.

TRUSTEES OF BOSTON COLLEGE, *et al.*,
              Movants,

ED MOLONEY and ANTHONY McINTYRE,
              Applicants for Intervention

M.B.D. No. 11-MC-91078

**RESPONSE OF BOSTON COLLEGE TO REQUEST BY NBC NEWS
TO UNSEAL ALL DOCUMENTS IN THE ABOVE-ENTITLED CASE**

On May 20, 2014, a letter dated May 6, 2014, from NBC News to the Court was entered on the docket in this matter.  That letter is not a motion, was not signed by a lawyer admitted to practice before this Court, and the Trustees of Boston College (Boston College) were not served with the letter but only became aware of it when counsel received notice that it had been entered on the docket.

Because the Court has indicated that it will entertain the letter request from NBC News, Boston College submits this response.

Boston College would object to the unsealing of any materials (audio recordings, paper transcripts, or computer files) that contain the substance of any interview given to the Belfast Project by any living Belfast Project interviewee, and of any information that discloses, or could

lead to the disclosure of, the identity of any living Belfast Project interviewee, unless that interviewee expressly consented to the unsealing. But to the knowledge of Boston College, no such materials or information are in the record of these proceedings in the District Court.

In response to the District Court's Order dated December 16, 2011, Boston College submitted for the District Court's *in camera* review paper copies of transcripts of Belfast Project interviews with individuals formerly associated with the Irish Republican Army. Those copies of the transcripts were ordered transferred to the First Circuit Court of Appeals when the appeal in this matter was before that Court. After the proceedings in this matter concluded, the First Circuit sent the copies of the transcripts back to the District Court and they were returned to counsel for Boston College. The copies were thereupon securely destroyed.

The original materials (tapes, transcripts, etc.) of the eleven interviews with seven interviewees that the First Circuit Court of Appeals ordered produced to the Commissioner in its judgment dated May 31, 2013, were delivered to the United States Attorney's Office. They are not, to the knowledge of Boston College, part of the record in the District Court.

Boston College infers, from the omitted numbers on the docket in this case, that a number of filings made by the Government in the District Court were made not only under seal but also *ex parte* (D. 1 to D. 3, D. 8, D. 11, D. 16, D. 28, D. 29, D. 36, D. 49 to D. 51, D. 55, D. 59, D. 60, and D. 65). As a result, Boston College has no information about the contents of those filings, and takes no position on whether they should be unsealed.[1]

One filing made by the Government under seal was disclosed to Boston College (D. 15). That filing includes (as Exs. 2-4) certain materials produced by Boston College in response to the Government's first subpoenas. Boston College requests that those materials remain under seal.

---

[1] The NBC News request notes, on page 2, that the public could not attend the initial hearing due to the Court's sealing order. If there were hearings on the Government's applications for the subpoenas or to seal those and other portions of the Government's filings, Boston College was not aware of and did not attend them, either.

The Government's subpoenas were issued pursuant to the Treaty Between the Government of the United States of America and the Government of the United Kingdom of Great Britain and Northern Ireland on Mutual Legal Assistance in Criminal Matters (the US-UK MLAT). Art. 7 of the US-UK MLAT, entitled "Confidentiality and Limitations on Use," limits the use of materials produced in response to a US-UK MLAT subpoena, and does not provide for their public release.

The only other portions of the record in the District Court that are presently under seal and of which Boston College knows the contents are the sealed transcripts of two brief sidebar conferences during a hearing in this matter on February 1, 2012 (D. 54). Nothing in those sealed transcripts discloses the substance of any interview given to the Belfast Project or any information that discloses, or could lead to the disclosure of, the identity of any Belfast Project interviewee.[2] As a result, Boston College has no objection to the unsealing of the transcripts of those sidebar conferences.

## Conclusion

Boston College would object to the unsealing of any materials that contain the substance of any interview given to the Belfast Project by any living Belfast Project interviewee and of any information that discloses, or could lead to the disclosure of, the identity of any living Belfast Project interviewee. But there are no such materials to the knowledge of Boston College in the record of the proceedings in this matter in the District Court.

Boston College takes no position on the unsealing of materials that were filed by the Government under seal and *ex parte*.

---

[2] During the sidebar colloquy, the Court stated that it did not have the identities of the interviewees whose transcripts were reviewed *in camera*. No interviewee's identity was disclosed in that colloquy.

Boston College requests that Exs. 2, 3, and 4 in the Government's filing docketed as D. 15, which are responses of Boston College to the subpoenas issued pursuant to the US-UK MLAT, remain sealed in conformity with the terms of that treaty.

Boston College has no objection to the unsealing of the transcripts of the sidebar conferences at the February 1, 2012, hearing in this matter (D. 54).

By its attorney,

/s/  Jeffrey Swope
Jeffrey Swope (BBO# 490760)
EDWARDS WILDMAN PALMER LLP
111 Huntington Avenue
Boston, Massachusetts 02199-7613
(617) 239-0100
jswope@edwardswildman.com

Dated: June 2, 2014

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 2, 2014.

/s/ Jeffrey Swope